### In re BOYCE.

(*Madison County Court.*   August, 1890.)

EXECUTION AGAINST THE PERSON—DISCHARGE.

A judgment debtor was taken on a body execution for $110.   On an application for a discharge it appeared that the debtor's wife had a life-estate in 125 acres of land; that the debtor lived on the land with his wife, and worked it for her, but received nothing for his services, and had no contract therefor.   It also appeared that the debtor's credit and character were good; that his petition and schedule were correct; and that he had no property not exempt from execution.   *Held*, that the proceedings of the debtor were not "just and fair" within Code Civil Proc. N. Y. § 2208 *et seq.*, providing for the discharge of judgment debtors imprisoned on body executions.

James Boyce was taken under a body execution, and now moves for a discharge from imprisonment.

*J. A. Johnson,* for petitioner.   *Cameron & Kiley,* for judgment creditor.

KENNEDY, J.   The judgment debtor was taken upon a body execution for $110.35 upon July 10, 1890, and immediately thereafter gave the usual bail to the sheriff for jail limits.   On the 14th day of July he gave legal notice to the judgment creditor of an application for his discharge.   Upon the hearing of the petition, the creditor objected to the debtor's release, whereupon an examination was had which disclosed that the debtor was a married man, having a wife and three children; that his wife, by the will of some relative, had the use of a farm of 60 acres during life, after which it was devised to her children if they survived her, and also had possession of 45 acres of other land; that the debtor lived with his wife and worked the farm as such property is usually managed by the husband where the wife has the title thereto, or the right to its possession; that his wife had never paid him anything for his services, nor was there any contract by which she was to pay therefor, so that she has the entire benefit of his labor and skill in conducting her business. The debtor is a man of good character, and a person of fair standing and credit in the community in which he lives.   Section 2208 of the Code says that if the court is satisfied that the petition and schedule are correct, and that the petitioner's proceedings are just and fair, it must make an order, directing the petitioner to execute to one or more trustees, designated in the order, an assignment of all his property not expressly exempt by law from levy and sale by virtue of an execution; or of so much thereof as is sufficient to satisfy the execution or executions by which he is imprisoned.   We are satisfied the debtor has no property which is not exempt from execution, and that his petition and schedule are correct.   The debtor's counsel claims that if the court finds, as we do find in this case, that the debtor's petition and schedule are correct, and that his client is ready to make the assignment which the law requires, it is the duty of the court to discharge the debtor, because, as he claims, in such a case, the proceedings must necessarily be just and fair; but we do not think the conclusion he suggests necessarily follows from the premises upon which his argument is based, for the following reasons:   Upon the facts which we have stated we think the law requires something more of the judgment debtor than a mere formal assignment of a few items of property, if any exist, which would be absolutely worthless to the judgment creditor.   It is his duty to satisfy the court that he has made use of his credit, the circumstances which surround him, and all available and practicable efforts to pay the judgment.   The fact that he has no property out of which the sheriff can collect the judgment, or which can in any

manner be reached by the creditors, is unimportant, if he has available resources in his control, or which would probably be placed at his disposal if desired by him, out of which, or by means of which, he could secure the money with which to pay the judgment. Although he has no property we have no doubt of his ability to pay the judgment if he will make reasonable efforts to do so, and we think the creditor has the legal right to demand that the debtor shall make use of his credit, if he has no property, to pay the judgment which the creditor has against him. While credit is not recognized as property by the law, it may nevertheless be the means by which a person can procure money with which to pay his debts or carry on his business. Credit, in a commercial sense, implies a good reputation, and the confidence of the business community in the borrower. If, therefore, a person has financial credit sufficient to carry on his business, or stand well among his neighbors and those with whom he has business dealings, he ought to make use of it to pay his debts, and, if an imprisoned debtor, to satisfy the court that he has made reasonable endeavors to make use of it in obtaining money to pay the judgment against him. A court ought not to say that a judgment debtor's proceedings for his discharge are just and fair towards the judgment creditor so long as he refuses to make use of his credit or other resources within his influence or control to liberate himself from jail or from the jail limits. As there is no evidence in this case showing that the debtor has made the slightest efforts to procure money to pay the judgment from those well acquainted with him, upon such good security as he no doubt could readily furnish, or in some other manner obtain it upon his own credit or otherwise, we are not satisfied that his proceedings are just and fair within the meaning and intent of the law.

Again, the debtor's proceedings do not appear just and fair because, if discharged, his wife would continue to have the entire benefit of his services in the future as in the past,—all his earnings would be placed beyond the reach of the creditor. Under such circumstances a court is under no obligation to show clemency to the debtor; on the contrary, it would be an injustice to the creditor to deprive him of the use of those remedies which the law has given him for the collection of his judgment, so long as the enforcement of them is not, in the judgment of the court, unnecessarily endured, and do not subject the debtor or his family to unusual hardship, discomfort, or inconvenience. From the crops already gathered or growing upon the farm, as the result of the debtor's labors, his wife could at any moment pay the judgment against her husband if she chose, and quite likely would do so if thus requested by him. It would neither do her nor him any injustice to pay the judgment, because she has had, and will continue to have, the results of his skill and industry in the management of her farm; but, if she and her husband prefer that in no event the judgment creditor shall have his pay, it is a privilege given to them by the law and of which the court has no power to deprive them. The judgment in this case amounts to $110.35. The debtor's board at an hotel during the three months or more he remains on the limits, if he does not pay the judgment, together with the amount paid for labor, if it is necessary to employ any one in his place to do the work on the farm, and other expenses connected with his imprisonment, would exceed the amount of the judgment. If, without a dollar's worth of property, he was of sufficient credit or ability to obtain the money to pay the expenses above referred to, it is not unreasonable on the part of the court to believe that the debtor could very readily pay the creditor's judgment if he chose so to do. The debtor may say he has no power to compel his wife to pay it. Granting this to be true, it does not appear in this case but that she would be willing and perhaps glad to make use of her credit or the earnings of her husband to pay it if she were thus invited, and until it does appear that she is unwilling or unable from his earnings, either past or in the future, to relieve him from imprisonment, we deem it

fair and just to assume that the debtor has not made use of the credit or ability which he possesses, nor the means and resources at his command, to that extent which satisfies the court that his proceedings are just and fair.   There may be exceptional cases where it would be the duty of the court to discharge an imprisoned debtor notwithstanding the objections of the judgment creditor, but, where the circumstances are similar to the present one, we do not think it the duty of the court to impede the legal footsteps of the creditor in the ordinary and reasonable enforcement of his rights, or turn forward the hands upon the judicial clock in order to hasten the hour of the debtor's discharge from his imprisonment.   The motion for the debtor's discharge is denied for the present, and proceedings may be adjourned, unless otherwise agreed upon by the respective counsel, until three months from the time of the debtor's arrest.   We leave open for further consideration the question as to whether— the debtor being on the limits—the proceedings can be adjourned to a day not later than three months from the presentation of his petition, or whether the adjournment must be limited to three months from the time of his arrest upon the execution.   A comparison of section 111 with sections 2200 and 2209 of the Code would seem to leave the matter somewhat in doubt where the debtor is imprisoned within the jail limits of any jail.